Filed 7/15/26  P. v. Guevara CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B345106 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24CJCF02053) |
| v. | |
| CARLOS GUEVARA, | |
| Defendant and Appellant. | |

APPEAL from judgment of the Superior Court of Los Angeles County, Gustavo N. Sztraicher.  Dismissed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Following his conviction for two counts of battery causing serious bodily injury (Pen. Code, § 243, subd. (d)),[1] defendant Carlos Guevara was sentenced to five years imprisonment. He was also ordered to pay $14,100 in victim restitution (§ 1202.4, subd. (f)) and the following fines and costs: (1) a $400 restitution fine (§ 1202.4, subd. (b)); (2) a stayed parole revocation fine in the same amount (§ 1202.45, subd. (a)); (3) a $60 court facilities assessment (Gov. Code, § 70373, subd. (a)); and (4) a $80 court operations assessment (§ 1465.8, subd. (a)(1)).

Defendant appeals from the judgment on the sole basis the restitution fine, parole revocation fine, and other "ancillary costs" (see *People v. Kopp* (2025) 19 Cal.5th 1, 11, 14 (*Kopp*)) were imposed without an ability-to-pay hearing.[2] Recognizing defense counsel below failed to request one under section 1202.4, subdivision (d),[3] or *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), disapproved in part by *Kopp* while this appeal was pending, defendant argues counsel rendered ineffective assistance. He requests an ability-to-pay hearing or reduction of the fines and costs.

---

[1]     All subsequent references to statutes are to the Penal Code.

[2]     Defendant does not challenge the victim restitution order. (See § 1202.4, subd. (g) ["defendant's inability to pay shall not be a consideration in determining the amount" of such order].)

[3]     Absent compelling and extraordinary reasons stated on the record, the sentencing court must impose a restitution fine no less than $300 and no greater than $10,000 for defendants convicted of a felony. (§ 1202.4, subd. (b).) When setting any amount "in excess of the minimum," the court must consider various factors, including "the defendant's inability to pay, . . ." (§ 1202.4, subd. (d).) The defendant bears the burden of demonstrating an inability to pay. (*Ibid.*)

## DISCUSSION

We must dismiss this appeal. Defendant asserts his "appeal is authorized by Penal Code section 1237." Section 1237 states that an appeal may be taken from a final judgment of conviction "[e]xcept as provided in" section 1237.2, which in turn provides:

> "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, . . . or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, . . . or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, . . . or costs are the sole issue on appeal."

This provision "reflects, fundamentally, a concern for judicial economy" in the correction of fines or costs. (*People v. Clark* (2021) 67 Cal.App.5th 248, 255.) It is to apply broadly "any time a defendant claims the trial court wrongly imposed fines, penalty assessments, surcharges, fees, or costs without having first presented the claim in the trial court . . . ." (*People v. Hall* (2019) 39 Cal.App.5th 502, 504–505 (*Hall*).) This includes "'errors of fact (as in the mathematical calculation)'" as well as "'errors of law.'" (*People v. Jordan* (2018) 21 Cal.App.5th 1136, 1140; compare *People v. Jenkins* (2019) 40 Cal.App.5th 30, 38 [section 1237.2 inapplicable if appeal raises substantive issue "*other than* the imposition or calculation of such fines"].)

Requests for a "hearing on [the] ability to pay" under *Dueñas* are covered by section 1237.2. (*Hall*, at pp. 504–505.)

This appeal solely challenges the imposition of fines and costs. The remedy defendant seeks is either a reduction or "correction" of a fine or cost amount, or an ability-to-pay hearing. Under section 1237.2, defendant was required to seek this relief in the trial court before (or during) this single-issue appeal. Defendant admits this never occurred. Defendant does not show he filed a motion for correction in the trial court upon discovering a reduction of fines and costs might be in order as expressly required by section 1237.2.

Though we must dismiss this appeal, defendant may still seek recourse. The $14,100 victim restitution order must be paid before the other restitution fines. (See § 2085.5, subds. (f), (g), (i).) To the extent defendant seeks to permanently stay these fines and the ancillary costs "unless and until the People prove [h]e can pay them, defendant is entitled to request that from the trial court, and has always had that right under section 1237.2." (*Hall*, *supra*, 39 Cal.App.5th at p. 505.) Defendant may also raise an ineffective assistance claim "by way of a petition for habeas corpus." (*People v. Keene* (2019) 43 Cal.App.5th 861, 864–865; see also *People v. Mai* (2013) 57 Cal.4th 986, 1009 [such claim is "more appropriately resolved in a habeas corpus proceeding"].)

## DISPOSITION

The appeal is dismissed without prejudice to defendant requesting a correction in the trial court or filing a habeas petition on the basis of ineffective assistance of trial counsel.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

ZUKIN, P. J.

COGLIATI, J. **

---

** Judge of the Santa Cruz County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.